UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael James Branch, Sr., | Case No. 2:24-cv-00851-JFA-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Anderson County Detention Center; Medical Provider/Staff; Chad McBride; and David Baker, | |
| Defendants. | |

Plaintiff Michael James Branch, Sr., a state detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 1, 8.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

**BACKGROUND**

This case is primarily based on certain medical treatment Plaintiff received at Anderson County Detention Center ("ACDC"). The original Complaint states that Plaintiff notified ACDC "staff" that he was suffering from an ear infection on August 27, 2022. (Dkt. No. 1 at 3.) Although Plaintiff "was seen [ ] by a doctor for the ear infection," he "continued having problems and requested to be seen by medical staff." (*Id.*) The Complaint alleges that "after a year of this being neglected," Plaintiff was seen by an ear, nose, and throat doctor ("ENT") who "determined that [the] infection in [Plaintiff's] ear needed treatment and surgery." (*Id.*) The ENT also found that Plaintiff "had sustained hearing loss" as a result of the "improper diagnosis." (*Id.*)

The ENT apparently warned Plaintiff that "further hearing loss" would occur without treatment. (*Id.*) Nevertheless, "Anderson County . . . said they would not pay for this treatment because it was not life threatening." (*Id.*) Consequently, Plaintiff "still [has] not been treated" and "further hearing loss has taken place." (*Id.*) Plaintiff is also "in constant pain from the infection." (*Id.* at 4.) He therefore seeks monetary damages and asks that this Court order ACDC to provide him with treatment for his ear infection and schedule surgery "immediately to prevent further hearing loss." (*Id.*)

Although unrelated to the ear infection, the Complaint also contains several allegations at the end of the pleading that suggest ACDC has a black mold problem, which Plaintiff claims could lead to cancer and respiratory infections. (*Id.* at 5.) The Complaint states that "no sanitation program is in place" at ACDC and there are "no cleanliness or sanitation inspections." (*Id.*) This is the extent of Plaintiff's allegations regarding the black mold.

Upon reviewing these initial allegations, the undersigned issued an order construing Plaintiff's Complaint as raising claims of inadequate medical treatment and unconstitutional conditions of confinement in violation of the Fourteenth Amendment. (Dkt. No. 5.) The undersigned warned Plaintiff that his claims were subject to summary dismissal as written because (1) Defendants ACDC and "Medical Provider/Staff" were not amenable to suit under 42 U.S.C. § 1983, and (2) the Complaint failed to adequately allege how the remaining defendants (Sheriff Chad McBride and Captain Davis Baker) were personally involved in the purported deprivations of his constitutional rights. (*Id.* at 2–4.) In light of Plaintiff's *pro se* status, the undersigned then afforded him twenty-one days to cure these pleading deficiencies by filing an amended complaint with the Court. (*Id.* at 4.) The undersigned emphasized that if Plaintiff filed

an amended complaint, it would "supersede[ ] the original and render[ ] it of no legal effect." (*See id.*, referencing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).)

In compliance with the undersigned's instructions, Plaintiff filed an Amended Complaint with the Court. (Dkt. No. 8.) Unfortunately, the pleading essentially restates the same vague claims of "deliberate indifference" and "unhealthy, unsanitary, and unsafe conditions" raised in the original Complaint. (*Id.* at 4.) Notably, the Amended Complaint does not provide any further insight regarding Defendant McBride's or Baker's personal involvement in the purported deprivations of Plaintiff's constitutional rights. Rather, Plaintiff simply reiterates that "Medical did not do their duties to the fullest" with respect to his ear infection and "black mold is everywhere in the cell." (*Id.* at 5–6.) Because these allegations are so cursory, the undersigned finds it appropriate in this instance to consider Plaintiff's Amended Complaint and original Complaint together to ensure the most comprehensive initial review.[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must construe *pro se* pleadings liberally to allow for the development of a potentially meritorious case).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a

---

[1] To that end, any further references to the "Amended Complaint" herein encompass both the original pleading (Dkt. No. 1) and the amended pleading (Dkt. No. 8).

3

prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

potentially meritorious case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Ashcroft*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

As noted above, the Amended Complaint appears to raise Fourteenth Amendment violations for inadequate medical treatment and unconstitutional conditions of confinement pursuant to 42 U.S.C. § 1983.[2] Unfortunately, despite availing himself of the opportunity to amend his allegations, Plaintiff's claims remain subject to summary dismissal under § 1983 for the reasons discussed below.

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws

---

[2] The protections against "cruel and unusual punishment" afforded convicted prisoners under the Eighth Amendment extend to detainees like Plaintiff through the Due Process Clause of the Fourteenth Amendment. *See Ingraham v. Wright,* 430 U.S. 651, 671 n.40 (1977). The United States Supreme Court has made clear, however, that while "the Eighth Amendment only protects post-conviction detainees from 'cruel and unusual punishment,' the Fourteenth Amendment Due Process Clause protects pretrial detainees from being punished at all." *See Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023) (referencing *Bell v. Wolfish*, 441 U.S. 520, 535–37 & n.16 (1979)). Thus, "any pretrial detention conditions that 'amount to punishment' violate due process." *Id.*; *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("[T]he pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of punishment.") (emphasis in original).

of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

As the undersigned previously warned Plaintiff (Dkt. No. 5 at 3), courts have routinely held that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" amenable to suit under § 1983. *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020). Accordingly, ACDC does not constitute a "person" for purposes of § 1983, regardless of whether Plaintiff refers to the physical building or the staff and collection of officials it houses, and any such claims are therefore subject to summary dismissal.

Similarly, vague groups of unidentified individuals likewise do not constitute "persons" for purposes of § 1983. *See Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required under § 1983); *Hayes v. Florence Cnty. Det. Ctr. Pers.*, No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at *2 (D.S.C. June 2, 2021) (same); *see also Lamb v. Does*, No. 8:09-cv-322-CMC-BHH, 2009 WL 982586, at *2 (D.S.C. Apr. 9, 2009) (explaining, from a practical standpoint, that "staff" cannot be served until "specifically identified" in the complaint). Thus, any § 1983 claims against ACDC's "Medical Provider/Staff" are also subject to summary dismissal.

With respect to the remaining Defendants, Sheriff McBride and Captain Baker, the undersigned reiterates that a plaintiff must allege how each named official was personally involved in the purported deprivations of his or her constitutional rights. More specifically, to state a claim for deliberate indifference to a medical need, a detainee "must show that (1) he had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed."[3] *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). With respect to conditions of confinement, detainees need only provide "objective evidence" that the challenged governmental action or inaction "[was] not rationally related to a legitimate governmental objective or that it [was] excessive in relation to that purpose." *Id.* at 608–10 (applying objective test under *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to Fourteenth Amendment claims for deliberate indifference to an excessive risk of harm).

Plaintiff has not made such showings here, as his claims are still vaguely aimed at ACDC's "medical" and "administrative" teams. (*See* Dkt. No. 8 at 5–6.) In fact, beyond the caption, Plaintiff's pleadings do not even mention Defendant McBride or Baker (or any other specific ACDC staff member for that matter), let alone provide any insight into how they personally violated his constitutional rights through their own individual actions.[4] Consequently,

---

[3]     It is worth noting here that Defendants McBride and Baker appear to be non-medical personnel. (*See* Dkt. No. 3.) Depending on the circumstances, "a distant prison official" may rely on medical staff's examinations and diagnoses of prisoners. *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008). Relatedly, where "medical personnel misdiagnosed or mistreated [a] plaintiff's condition, such a claim arises under state medical malpractice law and is not cognizable under § 1983." *Lewis v. Angelone*, 926 F. Supp. 69, 74 (W.D. Va. 1996); *see also Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[4]     To the extent Plaintiff is attempting to allege personal involvement based on these Defendants' supervisory roles within ACDC, the doctrines of vicarious liability and *respondeat superior* generally are not applicable in

as the undersigned previously explained (Dkt. No. 5 at 3–4), Plaintiff's cursory allegations fail to state an actionable § 1983 claim for inadequate medical treatment or unconstitutional conditions of confinement against Defendants McBride and Baker and are therefore subject to summary dismissal. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *see also Garner v. Cohen*, No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *adopted*, 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be summarily **DISMISSED** without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). To that end, the Clerk of Court shall not forward this matter to the United States Marshal for service of process at this time.

---

§ 1983 actions. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability").

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 18, 2024
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).