IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael James Branch, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Anderson County Detention Center; Medical Provider/Staff; Chad McBride; and David Baker, <br><br> Defendants. | C/A No. 2:24-cv-0851-JFA <br><br><br> **ORDER** |

Michael James Branch, Sr. (Plaintiff), proceeding *pro se*, filed this civil action on February 20, 2024. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Complaint pursuant to the court's screening procedures for *pro se* cases, the Magistrate Judge assigned to this action issued a proper form order, informing Plaintiff that his claims were subject to summary dismissal because (1) Defendants Anderson County Detention Center and "Medical Provider/Staff" were not amenable to suit under 42 U.S.C. § 1983, and (2) the Complaint failed to adequately allege how the remaining defendants, Sheriff Chad McBride and Captain Davis Baker, were personally involved in the purported deprivations of his constitutional rights. (ECF No. 5, pgs. 2-4).

In the proper form order, the Magistrate Judge directed Plaintiff to cure the pleading deficiencies within twenty-one days by filing an amended complaint with the Court. (ECF No. 5, pg. 4). On March 22, 2024, Plaintiff filed an Amended Complaint. (ECF No. 8).

However, Plaintiff's amended pleading contained the same deficiencies as Plaintiff's original Complaint. (ECF No. 8, pg. 4). Subsequently, the Magistrate Judge issued a Report and Recommendation (Report), recommending that this Court dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. (ECF No. 9). The Magistrate Judge notified Plaintiff of his opportunity to file objections to Report and informed Plaintiff of the consequences of failing to object. (ECF No. 9, pg. 10). Despite the Report's warning, Plaintiff failed to file objections, and the Report, which was mailed to the address of record, was returned as undeliverable. (ECF No. 12). Therefore, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff failed to raise any objections, and therefore this Court is not required to explain its decision to adopt the recommendation. A review of the Report and prior orders indicate that the Magistrate Judge correctly concluded that Plaintiff's case subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds thatthe Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court

adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 9). Consequently, this action is dismissed without prejudice for failure to state a claim upon which relief may be granted.

    IT IS SO ORDERED

December 4, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Court Judge